# In the United States Court of Federal Claims

No. 19-2014C
Filed Under Seal: March 10, 2020
Reissued: March 25, 2020*

| | |
|---|---|
| **PARADIGM ENGINEERS AND CONSTRUCTORS, PLLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES,**<br><br>*Defendant.* | Keywords: Motion for Judgment on the Administrative Record; RCFC 52.1; NAICS Code Protest; Small Business Administration Office of Hearings and Appeals |

*Holly L. Clarke*, Frost Brown Todd LLC, Dallas, TX, for the plaintiff, with whom was *Daniel F. Edwards*, Frost Brown Todd LLC, Columbus, OH, of counsel.

*Antonia R. Soares*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant, with whom was *Tracy J. Downing*, District Contract Law National Practice Group, U.S. Department of Veterans Affairs, and *Christopher J. McClintock*, Office of Litigation, U.S. Small Business Administration, of counsel.

**MEMORANDUM OPINION**

**HERTLING**, Judge

The plaintiff, Paradigm Engineers and Constructors, PLLC ("Paradigm"), in this pre-award bid protest alleges that the defendant, the United States, acting through the Department of Veterans Affairs ("VA" or the "Agency"), arbitrarily and capriciously classified the procurement under the North American Industrial Classification System ("NAICS") Code as Architectural Services rather than Engineering Services. Paradigm, a Service-Disabled Veteran-Owned Small Business ("SDVOSB"), qualified to compete under the Engineering Services NAICS Code, but not the other. Paradigm challenged the VA's determination before the U.S. Small Business Administration ("SBA") Office of Hearings and Appeals ("OHA"), and OHA upheld the VA's determination. Paradigm now challenges the NAICS Code designation at this Court.

---

* Pursuant to the protective order in this case, the Court initially filed this opinion under seal for the parties to propose redactions of confidential or proprietary information. The parties did not propose any redactions and the opinion is released in full.

Under the deferential standard of review applied to the OHA's decision, the Court rejects Paradigm's protest and grants the VA's cross-motion for judgment on the administrative record.

## I.   BACKGROUND

### A.   Legal Background

The Small Business Act, 15 U.S.C. §§ 631 *et seq.*, allows the SBA to set aside certain contracts for small businesses.[1] Congress specifically empowered the SBA to "specify detailed definitions or standards by which a business concern may be determined to be a small business concern." 15 U.S.C. § 632(a)(2)(A); *see also* 15 U.S.C. § 637(b)(6) (granting the SBA authority "to determine within any industry the concerns, firms, persons, corporations, partnerships, cooperatives, or other business enterprises which are to be designated 'small-business concerns' for the purpose of effectuating the provisions of this chapter"). Other government agencies must "accept as conclusive the [SBA's] determination as to which enterprises are to be designated 'small-business concerns[.]'" 15 U.S.C. § 637(b)(6).

The SBA uses the NAICS to "determine which entities qualify as small business concerns. The Office of Management and Budget assigns NAICS [C]odes to various industry sectors, and SBA determines which firms qualify as small businesses 'to assure that a fair proportion of government contracts for goods and services [is] performed by such entities in each industry category.'" *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1247 (Fed. Cir. 2015) (quoting *Advanced Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 474, 476 (2006)). As relevant here, the SBA determines the maximum average annual receipts that a business may have in order to qualify as a small business within each NAICS Code. *See* 13 C.F.R. § 121.201. The SBA calculates average annual receipts over the three most recent fiscal years. *See* 13 C.F.R. § 121.104(c).

For each procurement, the contracting officer must "designate[] the proper NAICS code and corresponding size standard in a solicitation, selecting the single NAICS code which best describes the principal purpose of the . . . service being acquired." 13 C.F.R. § 121.402(b). Only businesses that do not exceed the size standard for the specified NAICS Code are qualified to bid on that solicitation. 13 C.F.R. § 121.402(a). The designated NAICS Code and corresponding size standard are "final unless timely appealed" to the SBA's OHA. 13 C.F.R. § 121.402(d).

If a NAICS Code designation is challenged, the OHA's decision is final, 13 C.F.R. § 134.316(d), (f), unless appealed to a court. *See* 13 C.F.R. § 121.1102 (providing for judicial review after the exhaustion of administrative remedies at the OHA).

---

[1] The VA also has authority to set aside contracts for SDVOSBs. 38 U.S.C. § 8127. The VA must follow the SBA's regulations on size, appeals, and NAICS Codes for such set-aside contracts. 38 U.S.C. § 8127(f).

### B. The Solicitation

In October 2019, the VA issued a pre-solicitation notice requesting Standard Forms 330 ("SF330") from architect and engineering firms for Solicitation Number 36C24920R0003 (the "Solicitation").[2] The Solicitation, which the VA set aside for SDVOSBs under 38 U.S.C. § 8127(d), sought design services for the renovation of a building at the VA Medical Center in Lexington, Kentucky. (*See* ECF 14 at AR88.) The Solicitation's Statement of Work specifically sought designs for a renovation of the space and a replacement of the second-story windows and the heating, ventilation, and air-conditioning systems in the building. The Solicitation also contemplated that the contractor would prepare drawings and specifications, provide a register of needed permits, and adhere to the VA's design and construction criteria.

Despite the requirement that the contracting officer designate a "single NAICS code," 13 C.F.R. § 121.402(b), the pre-solicitation notice referenced both the Architectural Services NAICS Code, which carries a size standard of $8 million in average annual receipts, and the Engineering Services NAICS Code, which carries a size standard of $16.5 million in average annual receipts. The Engineering Services NAICS Code, 541330 provides:

> This industry comprises establishments primarily engaged in applying physical laws and principles of engineering in the design, development, and utilization of machines, materials, instruments, structures, processes, and systems. The assignments undertaken by these establishments may involve any of the following activities: provision of advice, preparation of feasibility studies, preparation of preliminary and final plans and designs, provision of technical services during the construction or installation phase, inspection and evaluation of engineering projects, and related services.

*NAICS Manual* at 465.[3] The establishments possessing this NAICS Code are primarily engaged in activities such as civil engineering, environmental engineering, construction engineering and mechanical engineering. *Id.* The Architectural Services NAICS Code, 541310, provides:

> This industry comprises establishments primarily engaged in planning and designing residential, institutional, leisure, commercial, and industrial buildings and structures by applying knowledge of design, construction procedures, zoning regulations, building codes, and building materials.

---

[2] The SF330 "is prescribed for use in obtaining information from architect-engineer firms regarding their professional qualifications." FAR 52.236-2(b).

[3] Executive Office of the President, Office of Management and Budget, *North American Industry Classification System-United States* (2017) https://www.census.gov/library/publications/2017/econ/2017-naics-manual.html.

*Id.* Establishments with this NAICS Code provide services including building architectural design, architectural consultations, and architectural design. *Id.* at 665, 689.

The VA amended the Solicitation to designate only the Engineering Services NAICS Code and received SF330s from five SDVOSB architect-engineer firms, including Paradigm. Four of those firms also possessed the Architectural Services NAICS Code, although Paradigm did not. The Agency again amended the Solicitation, this time designating only the Architectural Services NAICS Code. The Agency also extended the deadline for submission of SF330s. After that second amendment, the VA received an additional 17 SF330s from SDVOSB architect-engineer firms that possessed the Architectural Services NAICS Code. Paradigm did not qualify as a SDVOSB under the Architectural Services NAICS Code because its average annual receipts exceeded the size standard. Thus, Paradigm was not qualified to submit a second SF330.

C.   **SBA OHA Protest**

Following the VA's amendment applying the Architectural Services NAICS Code to the procurement, Paradigm filed a timely appeal with the SBA OHA challenging that NAICS Code designation. The OHA denied the protest and affirmed the VA's NAICS Code designation because it found that that designation was not clearly erroneous as to the law or the facts, and that the VA had correctly determined that the primary purpose of the procurement was Architectural Services. *NAICS Appeal of: Paradigm Engineers & Constructors, PLLC*, SBA No. NAICS-6040, 2019 WL 7042967 at *6 (Dec. 17, 2019).

In its opinion, the OHA described the Solicitation's Statement of Work and the requirements therein. *Id.* at *2-3. The OHA considered Paradigm's and the VA contracting officer's arguments, as well as the NAICS Manual's definitions of the Architectural Services and Engineering Services NAICS Codes. *Id.* at 3-5. The OHA decision recognized that the plaintiff bore the burden of proving the elements of its appeal by a preponderance of the evidence and that it reviewed the contracting officer's NAICS Code determination with a deferential standard of review. *Id.* at 5.

The OHA based its decision on the fact that the Solicitation sought "design services for the renovation of a building[,]" and the awardee would provide architectural services "involving the planning and designing of the building, requiring the application of knowledge of design and construction procedures, building codes, and materials." *Id.* The OHA decision further provided that "[t]here is no need for engineering services in the replacement of windows or the renovation of building space, as the design for these tasks is of an architectural nature." *Id.* Finally, the OHA rejected Paradigm's arguments both that other VA procurements for similar services have been designated as Engineering Services, as well as that the HVAC replacement qualifies as Engineering Services. The OHA determined that other procurements were irrelevant to its review of the VA's determination in this particular procurement.

D.   **The Current Protest**

Following its unsuccessful SBA OHA protest, Paradigm filed a complaint with this Court in December 2019 challenging the VA's NAICS Code designation and the OHA decision, and alleging that the VA's amendment to the Solicitation designating the Architectural Services

NAICS Code came too late because the offerors' SF330s were due fewer than ten days later. The parties cross-moved for judgment on the administrative record. *See* Rule 52.1 of the Rules of the Court of Federal Claims ("RCFC"). The case was transferred to this Court, and the Court heard oral argument on March 6, 2020.

## II.     JURISDICTION AND STANDING

The Tucker Act confers on this Court jurisdiction "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *Bannum, Inc. v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005). The Tucker Act provides this Court with bid protest jurisdiction over actions "objecting to . . . any alleged violation of statute or regulation in connection with a procurement . . . ." 28 U.S.C. § 1491(b). Because the OHA's decision denying Paradigm's appeal was made "in connection with a procurement," the Court has jurisdiction over this claim. *See Advanced Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 474, 481 (2006) (finding jurisdiction over appeal of an OHA decision made in connection with a procurement).

To have standing to protest, a plaintiff must demonstrate that it is an "interested party" who suffered prejudice from a significant procurement error, and, but for that error, "it would have had a substantial chance of securing the contract." *CliniComp Int'l, Inc. v. United States*, 904 F.3d 1353, 1358 (Fed. Cir. 2018). In a pre-award bid protest such as this one, an interested party is "'(1) an actual or prospective bidder, and (2) that [] has a direct economic interest.'" *CGI Fed. Inc. v. United States*, 779 F.3d 1346, 1348 (Fed. Cir. 2015) (quoting *Digitalis Educ. Solutions, Inc. v. United States*, 664 F.3d 1380, 1384 (Fed. Cir. 2012)). Because Paradigm is a prospective bidder that has "diligently pursued its rights" through the OHA protest and alleges that it suffered a "non-trivial competitive injury which can be redressed by judicial relief," Paradigm has standing to maintain this action. *CGI Fed. Inc.*, 779 F.3d at 1351 (internal citations omitted).

## III.    STANDARD OF REVIEW

In a Motion for Judgment on the Administrative Record pursuant to RCFC 52.1, "'the court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record.'" *Integral Consulting Servs., Inc. v. United States*, 140 Fed. Cl. 653, 657 (2018) (quoting *A & D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006)). Under RCFC 52.1, the review is limited to the Administrative Record, and the Court makes findings of fact as if it were conducting a trial on a paper record. *See Bannum, Inc.*, 404 F.3d at 1354. The Court must determine whether a party has met its burden of proof based on the evidence contained within the Administrative Record. *Id.* at 1355. Unlike in a summary judgment proceeding, genuine issues of material fact will not foreclose judgment on the Administrative Record. *Id.* at 1356.

Just as with other bid protests, the Court evaluates challenges of the OHA's affirmance of NAICS Codes under the Administrative Procedure Act's standard of review of agency action. 28 U.S.C. § 1491(b); *SupplyCore, Inc. v. United States*, 137 Fed. Cl. 753, 761 (2018) (citing

5

*Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1251, 1254 (Fed. Cir. 2015)); *see also Bannum, Inc.*, 404 F.3d at 1351. An agency procurement action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 28 U.S.C. § 1491(b)(4); 5 U.S.C. § 706(2)(A). Agencies and their contracting officers are "'entitled to exercise discretion upon a broad range of issues confronting them' in the procurement process." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001) (quoting *Latecoere Int'l, Inc. v. U.S. Dep't of the Navy*, 19 F.3d 1342, 1356 (11th Cir. 1994)). Accordingly, the court's review of a procuring agency's decision is "highly deferential." *Advanced Data Concepts v. United States*, 216 F.3d 1054, 1058 (Fed. Cir. 2000).

The Court gives "special deference" to OHA judges' determinations because the SBA has "'quasi-technical administrative expertise and . . . familiarity with the situation acquired by long experience with the intricacies inherent in a comprehensive regulatory scheme.'" *Eagle Design and Mgmt., Inc. v. United States*, 57 Fed. Cl. 271, 273 (2002) (quoting *Ceres Envt'l. Serv., Inc. v. United States*, 52 Fed. Cl. 23, 33 (2002) (citation omitted)). The Court will not substitute its judgment for that of the OHA, and "cannot invalidate an [OHA] decision even though the court may have reached a different conclusion." *Id.*; *see also Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989) (quoting *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1301 (D.C. Cir.1971) (declining to disturb agency action because the agency had a reasonable basis for its action, even though the court could "'as an original proposition, have reached a different conclusion as to the proper administration and application of the procurement regulations'").

## IV.   ANALYSIS

Paradigm challenges the VA's NAICS Code determination directly, as well as the OHA's review of that determination. This Court does not hear direct challenges to the former, and rejects Paradigm's challenge of the latter.

### A.   The VA's NAICS Code Designation

Paradigm challenges the VA's NAICS Code decision directly. Under the governing regulatory scheme, however, once the OHA has issued a decision on the VA's determination, the VA is bound by that and the Court must review OHA's conclusions, rather than the VA's initial determination.

The OHA is "vested with exclusive jurisdiction to review the [agency's] determination of the appropriate NAICS [C]ode designation." *Ceres Envt'l Servs., Inc.*, 52 Fed. Cl. at 33 (citing 13 C.F.R. § 121.1102). The OHA's NAICS Code determination is a final decision that "governs later proceedings concerning the same solicitation and is not subject to reconsideration." *Palladian Partners, Inc.*, 783 F.3d at 1255 (citing 13 C.F.R. § 134.316(d), (f)).

Here, the VA designated the Architectural Services NAICS Code, Paradigm appealed, and the OHA issued a final determination affirming that NAICS Code. Paradigm's only remedy is to challenge the OHA decision in this Court. Paradigm's challenge to the VA's ultimate determination as to the applicable NAICS Code is denied.

### B. The OHA Decision

Paradigm argues that the OHA's decision to affirm the VA's selection of the Architectural Services NAICS Code was arbitrary, capricious and an abuse of discretion. Paradigm contends that FAR 19.303(a)(2) requires the contracting officer to select the NAICS Code "according to the component which accounts for the greatest percentage of contract value[.]" Because Paradigm argues that the greatest percentage of contract value is associated with engineering and not architecture, the OHA decision not to select the Engineering Services NAICS Code is contrary to law. Paradigm argues that engineering services make up the largest percentage of the contract value because the total salary costs for "engineering-related salary costs" made up 49% of the Independent Government Cost Estimate ("IGCE"). (ECF 23 at 6.)

The government counters that the OHA decision was rational and in accordance with the law, and that Paradigm has failed to meet its burden to show that the OHA decision was not entitled to "special deference." The Court agrees with the government.

The OHA decision considered the relevant facts and applied the law correctly. The OHA considered the definitions and demonstrative examples for both the Engineering Services and the Architectural Services NAICS Codes. *Paradigm*, 2019 WL 7042967 at *4-6. The OHA determined that the principal purpose of the procurement was to "obtain the designs for the renovation of the building." *Id.* at *6. The OHA analyzed the Solicitation's Statement of Work and found that instead of "applying physical laws and principles of engineering," as required for the Engineering Services NAICS Code, this Solicitation called for providing "a three-dimensional rendering of the renovation" showing "the work required for execution of the project, with instructions for the construction contractor on carrying out the renovations[.]" *Id.* This scope of proposed work fits within the Architectural Services NAICS Code, according to the OHA, because it "involv[es] the planning and designing of the building, requiring the application of knowledge of design and construction procedures, building codes, and materials." *Id.*

The OHA rejected the Engineering Services NAICS Code because "the bulk of the work will involve designing the renovation of a building, which also requires replacement of windows." *Id.* at 7. The work "does not involve applying physical laws and principles of engineering to machines and systems[,]" there will be "no machines here other than the HVAC system[,]" and the work is not "cutting-edge engineering." *Id.* As a result, the OHA concluded that the Engineering Services NAICS Code does not apply. *Id.* Instead, the OHA determined that the "work is squarely within the definition" of the Architectural Services NAICS Code. *Id.*

Paradigm argues that the OHA's analysis ignored the fact that engineering work was the largest cost component of the IGCE, and, thus, the OHA incorrectly and in a manner contrary to law decided the principal purpose of the procurement. This argument relies on Paradigm's self-determined "engineering-related" costs, which it argues include "Structural and Borings, Plumbing, Heating and Air Conditioning, and Electrical." (ECF 23 at 6 n.1 (internal quotations omitted).) The plaintiff's argument ignores the fact that the types of positions required under each of the allegedly engineering-related categories include Supervisors, Designers, Drafters, Specification Writers, and Typists. (ECF 14 at AR3-10.) The OHA reasonably determined that these positions are related to Architectural Services.

7

During oral argument, the plaintiff argued that this case is similar to *RLB Contracting, Inc. v. United States*, 118 Fed. Cl. 750 (2014), in which both the contracting officer's and the OHA's determinations were found to be arbitrary and capricious.[4] It is not. That NAICS Code protest concerned a contract for marsh creation in which dredging comprised a large majority of the contract work. *Id.* at 755-56. There, the contracting officer failed to conduct a quantitative analysis to determine how much dredging work the contract contained; instead, the contracting officer relied on the fact that only one task was called "dredging." *Id.* at 759-60. The OHA made the same errors and affirmed the contracting officer's NAICS Code determination. *Id.* at 760. Because neither the contracting officer nor the OHA looked behind the individual tasks in the Statement of Work to recognize that nearly all the work prescribed therein was dredging, the court sustained the NAICS Code protest. *Id.*

Here, unlike in *RLB Contracting*, the OHA properly considered the Statement of Work and the tasks required to accomplish that work. *Paradigm*, 2019 WL 7042967 at *2-3, *4-6. As discussed above in Part I.C., the OHA summarized the Statement of Work and reviewed the NAICS Manual, then determined that the VA had rationally determined that the services sought aligned with the Architectural Services NAICS Code. *Id.* at *6-7. Nothing in the record before the Court indicates that the OHA's analysis ignored engineering tasks. Instead, the OHA decision reviewed the Statement of Work and highlighted its analysis as to certain representative tasks therein to determine that the "principal purpose" of the Solicitation was to obtain design services. *Id.* The OHA looked behind the tasks in the Statement of Work and noted that they were "design services" to design the HVAC, window replacement, bid plans, and construction plans. *Id.* at *2-3. This analysis aligns with the IGCE, which sought supervisors, designers, drafters, specification writers, typists and estimators for each type of task (Architectural, Site and Landscaping, Structural and Boring, Sanitary, Plumbing, Heating and Air Conditioning, Electrical, and Abatement.) (ECF 14 at AR5.) The OHA affirmance of the VA's determination that the Solicitation sought Architectural Services is well-supported in its decision. Accordingly, this case is distinguishable from *RLB Contracting* in the OHA's analysis of the procurement.

The OHA's determination that the principal purpose of the Solicitation was Architectural Services is not at odds with the FAR or the SBA's regulations. The "principal purpose" principles in FAR 149.303(a)(2) and 13 C.F.R. § 121.402(b) provide that "[a] procurement is *usually* classified according to the component which accounts for the greatest percentage of contract value." FAR 149.303(a)(2) (emphasis added); *see also* 13 C.F.R. § 121.402(b)(2) (same). The word "usually" does not require the Agency to "classify according to the component which has the greatest contract value." *SupplyCore, Inc.*, 137 Fed. Cl. at 762. The Agency is permitted to conduct its own analysis to determine the principal purpose of a procurement. The Agency's decision is not suspect just because it does not automatically apply the NAICS Code for the component accounting for the largest share of contract value. When two NAICS Codes may be plausibly related and the Agency's choice is upheld by the OHA with reasoned explanation for that choice, this Court has nothing further to do. The OHA's affirmance of the Agency's decision is reasonable and not contrary to law.

---

[4] Paradigm did not brief this argument.

The OHA's decision to affirm the VA's NAICS Code designation and deny Paradigm's appeal is rational, and not arbitrary, capricious or contrary to law.

### C. Previous Procurements

Paradigm also argues that the OHA erred by not considering the VA's prior use of the Engineering Services NAICS Code for allegedly similar procurements.

The SBA amended its regulations and the FAR in 2011 to remove the requirement to consider previous procurements as a basis for NAICS Code determinations. *See Small Business, Small Disadvantaged Business, HUBZone, and Service-Disabled Veteran-Owned Business Status Protest and Appeal Regulations*, 76 Fed. Reg. 5680, 5683 (Feb. 2, 2011) (removing the third sentence of 13 C.F.R. § 121.402(b)). The SBA's regulations and the FAR now require that the Agency consider the NAICS Manual and attributes of the service being procured without reference to other procurements when determining a NAICS Code:

> Primary consideration is given to the industry descriptions in the U.S. NAICS Manual, the product or service description in the solicitation and any attachments to it, the relative value and importance of the components of the procurement making up the end item being procured, and the function of the goods or services being purchased.

13 C.F.R. § 121.402(b)(1); *see also* FAR 19.303(a)(2) (same).

This provision does not authorize agencies to look to prior procurements when determining NAICS Codes. *See NAICS Appeal of: U.S. Small Bus. Admin.*, SBA No. NAICS-5899, 2018 WL 1989376 (Apr. 19, 2018) ("Appellant identified a number of procurements by VA for similar projects, using Appellant's proposed NAICS Code, however, those procurements are not before OHA for consideration, so will not be considered in the analysis.").

The OHA's interpretation of the regulations is consistent with their text. Further, the OHA's interpretation of the regulations is appropriate because they were amended specifically to remove the prior language allowing comparison to previous procurements. Accordingly, the Court rejects Paradigm's argument.

### D. SF330 Deadline and OHA Appeal Deadline

The plaintiff finally argues that the VA should have extended the deadline for submission of SF330s until after the OHA appeal deadline, so that prospective offerors would have ten days in which to appeal the new NAICS Code designation before SF330s were due.

The ten-day appeal deadline is set by regulation, 13 C.F.R. § 134.304(b) and FAR 19.303(c)(1), and Paradigm filed its appeal within that deadline. The VA stayed award throughout the OHA appeal process, in accordance with FAR 19.303(c)(7). (ECF 19 at AR1211 ("Evaluation actions on hold pending SBA OHA decision").) The regulations contemplate the receipt of an OHA decision after the deadline for proposal submissions; in such a case, the OHA decision will "not apply to the pending procurement, but will apply to future solicitations for the

same . . . services." 13 C.F.R. § 134.318(b); FAR 19.303(c)(8) (same). The VA and the OHA complied with these requirements.

Because Paradigm filed its OHA appeal within the ten-day deadline and received the statutory stay, Paradigm cannot prove that it was prejudiced. Paradigm lacks standing to raise this claim.

## V.     CONCLUSION

Because the OHA's NAICS Code protest decision was rational, Paradigm's protest must be denied. The Court will issue an order in accordance with this decision.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**